UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN HANCY MICHEL, | No. 2:21-cv-1640 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RICHARD CRAIG WEISS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has also filed motions for appointment of counsel (ECF No. 3) and a preliminary injunction (ECF No. 4).

I.    Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Second Amended Complaint

### A. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

B. Allegations

After filing the complaint, plaintiff proceeded to file first and second amended complaints.[1] ECF Nos. 8, 10. Because an amended complaint supersedes the original complaint, Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012), the court will proceed with screening the second amended complaint. The second amended complaint alleges that defendants R. Weiss, Liu, Covello, J. Weiss, C. Smith, Heatley, Vaughn, Gates, Snook, R. Smith, Brown, Tsui, Vina, Pharris, Dobler, Hickman, and Olsen violated plaintiff's First and Eighth Amendment rights. ECF No. 10 at 17-43.

Plaintiff alleges that in 2013, Liu told him that there was a ninety percent chance he had testicular cancer. Id. at 20. Although plaintiff requested a biopsy, the request was denied and Liu removed plaintiff's testicle in 2014, even though there was no definitive proof of cancer and plaintiff's blood tests were negative for cancer. Id. at 20-21. After plaintiff's testicle was removed, it was found to be negative for cancer. Id. at 21.

---

[1] Plaintiff's second amended complaint was labeled as his third amended complaint.

3

   Plaintiff also alleges that in 2013, he had accommodation orders for a lower bunk, extra mattress, and job limitations due to numerous issues with his back. Id. at 22. In May 2013, Heatley requested that plaintiff be sent for a neurosurgery consult and C. Smith requested a follow-up for further evaluation in October 2013. Id.

   In February 2017, plaintiff began seeing R. Weiss, who advised him to set goals to lose weight with exercise. Id. at 22. In August 2018, Weiss documented that plaintiff did not have severe scoliosis and could work with no limitations and revoked plaintiff's orders for a lower bunk, extra mattress, and orthotic shoes. Id. at 23. Plaintiff began to notice pain in his neck in November 2018. Id. at 24. He was seen by a nurse and denied any kind of diagnostic imaging, physical therapy, pain medication, and a lower bunk chrono. Id.

   In February 2019, plaintiff was seen by Olsen, who diagnosed him as a fall risk, but his lower bunk accommodation was subsequently revoked and each time he saw her to request a low bunk chrono she denied the request. Id.

   In October 2019, plaintiff slipped from a stool while trying to get on the top bunk and he felt pain shoot from his buttocks to his neck whenever he had to sit for an alarm and his skin was exposed to cold water or wind. Id. at 25. Plaintiff notified Olsen, Heatley, C. Smith, R. Weiss, J. Weiss, and Covello. Id. In November 2019, J. Weiss denied a long list of ADA accommodations, which plaintiff appealed to C. Smith, Vaughn, and Gates to no avail. Id. at 26.

   In February 2021, plaintiff was removed from his cell after he broke his glasses and used them to cut his arm. Id. at 27. He was seen by R. Smith, a psychologist, who was followed by Dobler, a lieutenant. Id. at 28. When plaintiff asked if he could speak to Smith without Dobler present because he feared harm and retaliation, she told him that he would either speak with both present or he would be marked as refusing mental health care. Id. Plaintiff requested he be placed on suicide watch so he could speak privately, but the request was denied and he remained in administrative segregation. Id.

   The following day, plaintiff was released from administrative segregation and assigned a cell with an inmate who had a single cell tag on the door. Id. at 29. When plaintiff asked Tsui about the tag, he was told the status had been revoked. Id. Plaintiff was given permission to talk

to his prospective cellmate first, and refused to go into the cell after the other inmate was unresponsive to questions about how he felt about plaintiff moving in. Id. Plaintiff was afraid that it was a set up to cause a fight and for the other inmate to have a reason to regain his single cell status. Id. Tsui then chased plaintiff up to the second tier where plaintiff threatened to jump if approached. Id. at 29-30. Tsui told him to go ahead and jump, which plaintiff did. Id. at 30. Plaintiff was handcuffed and shackled at his feet, after which medical responded and put plaintiff in a neck brace and took him to the treatment area where he was seen by Snook. Id. The handcuffs were so tight that plaintiff's left wrist was fractured, and despite plaintiff saying that he was in pain all over his body, Snook did not send plaintiff to the hospital or prescribe any pain relief prior to discharging him from the treatment area. Id. at 30, 32, 35.

After being discharged from the treatment area, plaintiff was placed in a wheelchair to be returned to the housing assignment he had just refused. Id. at 32. On the way to the building, plaintiff managed to get himself out of the wheelchair, despite being strapped down, and Vina, Tsui, and Brown attempted to force him back into the wheelchair. Id. at 33. Plaintiff, who was still in handcuffs and ankle cuffs, struggled against being put back in the wheelchair and in response to his struggles Vina punched him in the face and scraped his face against the pavement. Id. at 33-34. Plaintiff was then placed back in the wheelchair and taken to the clinic where he was assessed for injuries. Id. at 34-35.

Finally, plaintiff alleges that R. Weiss, Pharris, Brown, and Dobler retaliated against him. Id. at 36-38. R. Weiss began retaliating against plaintiff after plaintiff's grandmother called the prison to complain about Weiss' treatment of plaintiff. Id. at 36. In November 2019, Weiss denied plaintiff's ADA request for wet wipes. Id. He also refused to provide plaintiff with effective pain relief and instead continued to prescribe Tylenol and advise plaintiff to keep working out. Id. at 37. In July 2020, Pharris notified plaintiff that his legal mail containing medical records had been opened outside of plaintiff's presence and ultimately destroyed, depriving plaintiff of an opportunity to file a grievance before the property was destroyed. Id. In February 2021, Brown was somehow involved in depriving plaintiff of personal property. Id. at

////

38. Dobler allegedly retaliated against plaintiff for filing a grievance against him by misrepresenting evidence. Id.

      C.      Claims for Which a Response Will Be Required

Plaintiff's allegations that defendant Tsui chased him up to the second tier and told him to go ahead and jump are sufficient to state a claim for deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (Eighth Amendment violated where prison official is deliberately indifferent to serious risk of harm). The allegation that Vina punched plaintiff in the face and scraped his face against the pavement is sufficient to state a claim for excessive force. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)). Finally, plaintiff's allegations that R. Smith refused to speak to him privately or place him on suicide watch after his initial act of self-harm, and that Snook failed to provide any treatment after he jumped off the second tier, are sufficient to state claims for deliberate indifference to a serious medical need. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted) (deliberate indifference shown by a purposeful act or failure to respond to plaintiff's pain or medical need and harm cause by indifference). If plaintiff choses to proceed on the second amended complaint, these defendants will be required to respond.

      D.      Failure to State a Claim

           1.      Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett, 439 F.3d at 1096 (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Plaintiff's allegation that defendants should have ordered further diagnostic testing, specifically a biopsy, constitutes a difference of opinion as to his diagnosis and treatment, and his

misdiagnosis is, at worst, medical malpractice. Neither of these things rises to the level of an Eighth Amendment violation. Merrit v. Dang, No. 1:04-cv-6727 OWW LJO, 2006 WL 657125, at *1-2; 2006 U.S. Dist. LEXIS 10620, at *2-5 (E.D. Cal. Mar. 14, 2006) (no Eighth Amendment violation where plaintiff claimed biopsy would have prevented misdiagnosis that resulted in unnecessary surgery and plaintiff believing that he had lung cancer for approximately ten months), adopted in full by 2006 WL 1085081; 2006 U.S. Dist. LEXIS 26617 (April 25, 2006); Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's decision not to operate because he incorrectly believed plaintiff did not have a hernia was negligent misdiagnosis or disagreement with diagnosing doctor and did not constitute deliberate indifference). Plaintiff has therefore failed to state a claim for relief against Liu.[2]

As currently pled, plaintiff's allegations that R. Weiss advised him to set weight loss goals and exercise, and later removed plaintiff's accommodations, demonstrate no more than a difference of opinion as to plaintiff's condition and appropriate treatment, which is insufficient to state a claim for deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (difference of opinion as to treatment does not show deliberate indifference). Although plaintiff claims that he began experiencing neck pain after these changes and was denied any diagnostic imaging, physical therapy, pain medication, or a lower bunk chono, he attributes these denials to a non-defendant nurse, not to Weiss, see ECF No. 10 at 24.

Plaintiff's allegation that his lower bunk accommodation was revoked after defendant Olsen determined he was a fall risk does not state a claim for relief, because there is no allegation that Olsen was the one who revoked the accommodation. Though plaintiff asserts that Olsen denied later requests, there are no facts regarding when those requests were made or plaintiff's condition at the time of the requests.

---

[2] It further appears that the claim against Liu may be barred by the statute of limitations because the allegedly unnecessary surgery took place in 2014 and plaintiff did not initiate this action until over seven years later. See TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) (in § 1983 cases, court applies the forum state's limitations period for personal injury claims); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (two-year limitations period in California) (citing Cal. Code Civ. Proc. § 335.1); Cal. Civ. Proc. Code § 352.1(a) (statutory tolling for up to two years for prisoners serving less than a life sentence).

Plaintiff's claim that he notified R. Weiss, Olsen, and J. Weiss about pain he was experiencing after falling while trying to get on the top bunk fails to state a claim against any of these defendants, because there are no facts regarding what action these defendants took or failed to take in response to the notification. The claim that J. Weiss denied a long list of ADA accommodations also fails to state a claim because plaintiff does not identify what accommodations were denied or explain how their denial constituted deliberate indifference.

Finally, plaintiff's allegation that Dobler was present when R. Smith came to speak to him after he cut himself fails to state a claim for relief. There is no indication that Dobler, a lieutenant, deliberately interfered with plaintiff's mental health treatment or had any reason to question Smith's denial of plaintiff's request to speak privately. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care" (citation omitted)).

### 2. Excessive Force and Failure to Protect

Plaintiff's claim that Tsui and Brown attempted to force him back into his wheelchair lacks sufficient detail to support a claim for excessive force against these defendants. See Hudson, 503 U.S. at 6-7 (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)). He also fails to state a claim against these defendants for failure to protect him from Vina, because there are no facts indicating that they knew Vina would punch plaintiff and scrape his face on the ground or that they had sufficient time to intervene and failed to do so. See Farmer, 511 U.S. at 834 (Eighth Amendment violated where prison official is deliberately indifferent to serious risk of harm).

### 3. Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff has not alleged any facts regarding conduct by defendant Hickman and therefore fails to state any claims for relief against this defendant. Plaintiff has also failed to allege facts showing the personal involvement of defendants Heatley, C. Smith, Covello, Vaughn, and Gates in the alleged violations of his constitutional rights. Although plaintiff alleges that he notified Heatley, Smith, and Covello of his health issues and appealed the denial of ADA accommodations to Smith, Vaughn, and Gates, there are insufficient facts to demonstrate that the correspondence and appeals were sufficient to notify defendants of an ongoing violation of plaintiff's rights that they then failed to correct. Plaintiff's allegations that Heatley and Smith sent him for consults and evaluations also fail to demonstrate any violation of plaintiff's rights.

### 4. Retaliation

A viable First Amendment claim for retaliation must include the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff's allegations against R. Weiss, Pharris, Brown, and Dobler are insufficient to establish that any of these defendants retaliated against him. Though he alleges adverse conduct by Weiss and Dobler, there are insufficient facts to demonstrate that their conduct was motivated by plaintiff's protected conduct. Conclusory assertions that defendants' conduct was retaliatory are not sufficient. With regard to Pharris, the allegations establish only that Pharris notified plaintiff that his medical records had been opened and destroyed; there is no indication that Pharris was involved in opening or destroying the records. Finally, though plaintiff alleges that Brown deprived him of property, he does not explain how Brown was involved in the deprivation or provide facts demonstrating that Brown's conduct was motivated by his protected conduct. Plaintiff has therefore failed to state a claim for retaliation against any of these defendants.

### E. Improper Joinder

The court notes that the second amended complaint is improper because it brings multiple, unrelated claims, against more than one defendant. If plaintiff chooses to amend the complaint,

he is advised that he may only join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and he may only join defendants where the right to relief arises out of the same "transaction, occurrence, or series of transactions," and "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2).  In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the claims against them are based on the same facts.  Plaintiff must decide which related claims and defendants he wants to pursue in this action, and any unrelated claims involving different defendants must be brought in separate suits.

F. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims against defendants Liu, C. Smith, Heatley, R. Weiss, Covello, J. Weiss, Vaughn, Gates, Brown, Pharris, Dobler, Hickman, and Olsen.  The complaint also fails to state claims against Tsui for excessive force and failure to protect during plaintiff's wheelchair escort.  However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.  Plaintiff may proceed forthwith to serve defendants Snook, R. Smith, Tsui, and Vina or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his claims against defendants Snook, R. Smith, Tsui, and Vina without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against defendants Liu, C. Smith, Heatley, R. Weiss, Covello, J. Weiss, Vaughn, Gates, Brown, Pharris, Dobler, Hickman, and Olsen and of the claims against Tsui for excessive force and failure to protect during plaintiff's wheelchair escort.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.     Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. ECF No. 3. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel on the grounds that he is indigent, has been unable to retain counsel, is limited in his ability to litigate due to his imprisonment, and a lawyer would be better able to represent him at both throughout the case and at trial. ECF No. 3 at 1-2. These circumstances are common to most inmates and do not demonstrate extraordinary circumstances warranting the appointment of counsel. Plaintiff also asserts that he has mental health issues and was at one point classified as having a developmental disability. Id. at 1. However, the fact that plaintiff suffers from mental health conditions or a developmental disability, without more, is not enough to establish exceptional circumstances warranting appointment of counsel. If plaintiff chooses to file another motion for appointment of counsel, he should identify what conditions he suffers from, explain how his conditions prevent him from proceeding without assistance, and provide medical or other documentation that support his claims regarding the effect his mental health conditions or developmental disability have on his ability to proceed without assistance. Finally, plaintiff has not demonstrated that he has a likelihood of success on the merits and up to this point, he has demonstrated that he is capable of articulating his claims without assistance. The motion for appointment of counsel will therefore be denied.

IV. Motion for Preliminary Injunction

Plaintiff has filed a motion for a preliminary injunction in which he requests an order directing that he be provided various accommodations and treatment for his conditions. ECF No. 4 at 2.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The propriety of a request for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."

1  (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984))).

2  Plaintiff claims that he will suffer irreparable injury if an injunction is not granted but he has not presented any facts to support that claim. Though plaintiff has attached medical records identifying his various conditions, the most recent record is from 2014 (ECF No. 4 at 22-23). There are no recent records demonstrating plaintiff's current condition or that he is being denied accommodations or treatment. See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."); Caribbean Marine Serv., 844 F.2d at 674. ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." (emphasis in original) (citing Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980))).

Furthermore, plaintiff is no longer housed at Mule Creek State Prison (MCSP), where he was allegedly being denied treatment. There is no indication that plaintiff is still under defendants' care or has a reasonable expectation of being returned to MCSP, rendering his requests for relief moot. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action [for injunctive relief] will usually become moot as to conditions at that particular facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995))); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))).

For these reasons, the motion for a preliminary injunction should be denied.

V. Request for Information on How to Subpoena Video Evidence

Plaintiff has requested instruction on how to subpoena video evidence. ECF No. 7. Plaintiff is advised that the court does not provide legal advice and the motion will be denied. Plaintiff is directed to Federal Rule of Civil Procedure 45, which outlines the requirements for a subpoena.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated claims for failure to protect against Tsui based on the incident where you jumped off the second tier, excessive force against Vina, and deliberate indifference to your medical needs against R. Smith and Snook. You have not stated any claims for relief against defendants Liu, C. Smith, Heatley, R. Weiss, Covello, J. Weiss, Vaughn, Gates, Brown, Pharris, Dobler, Hickman, and Olsen or against Tsui for excessive force and failure to protect during your wheelchair escort.

You have a choice to make. You may either (1) proceed immediately on your cognizable claims against Tsui, Vina, R. Smith, and Snook and voluntarily dismiss all other claims and defendants or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against Tsui for excessive force and failure to protect during your wheelchair escort and all claims against defendants Liu, C. Smith, Heatley, R. Weiss, Covello, J. Weiss, Vaughn, Gates, Brown, Pharris, Dobler, Hickman, and Olsen. If you choose to file a third amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the third amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

CONCLUSION

In accordance with the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED.

4. Plaintiff's request for information on how to subpoena video evidence (ECF No. 7) is DENIED.

5. Plaintiff's allegations against defendant Tsui for excessive force and failure to protect during his wheelchair escort and all allegations against defendants Liu, C. Smith, Heatley, R. Weiss, Covello, J. Weiss, Vaughn, Gates, Brown, Pharris, Dobler, Hickman, and Olsen do not state claims for which relief can be granted.

6. Plaintiff has the option to proceed immediately on his claims for failure to protect against Tsui based on the incident where he jumped off the second tier, excessive force against Vina, and deliberate indifference to medical needs against R. Smith and Snook, as set forth in Section II.C above, or to amend the complaint.

7. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a third amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against defendant Tsui for excessive force and failure to protect during plaintiff's wheelchair escort and all allegations against defendants Liu, C. Smith, Heatley, R. Weiss, Covello, J. Weiss, Vaughn, Gates, Brown, Pharris, Dobler, Hickman, and Olsen.

8. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 4) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 21, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN HANCY MICHEL,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD CRAIG WEISS, et al.,<br><br>Defendants. | No.  2:21-cv-1640 AC P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his failure to protect against Tsui based on the incident where he jumped off the second tier, excessive force against Vina, and deliberate indifference to medical needs against R. Smith and Snook without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendant Tsui for excessive force and failure to protect during his wheelchair escort and all claims against defendants Liu, C. Smith, Heatley, R. Weiss, Covello, J. Weiss, Vaughn, Gates, Brown, Pharris, Dobler, Hickman, and Olsen pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

_____
Fabian Hancy Michel
Plaintiff pro se

1